**KIRBY PRODUCE COMPANY, INC., Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE and United States of America, Respondents.**

No. 99–1505.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 9, 2000.

Decided Aug. 3, 2001.

Paul T. Gentile argued the cause for petitioner. With him on the briefs was Kevin P. Claffey.

Stephen M. Reilly, Attorney, U.S. Department of Agriculture, argued the cause for respondents. With him on the brief were James Michael Kelly, Associate General Counsel, U.S. Department of Agriculture, and Margaret M. Breinholt, Acting Assistant General Counsel.

Before: WILLIAMS and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge GARLAND.

GARLAND, Circuit Judge:

Kirby Produce Company, Inc. petitions for review of an order of the Department of Agriculture, which revoked its license as a merchant of perishable agricultural products for not promptly paying for fruit and vegetable shipments, in violation of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a *et seq.* The Agriculture Department revoked Kirby's license without a hearing, concluding that there was no dispute of material fact warranting a hearing. Because the grounds upon which the Department made that conclusion were arbitrary and capricious, we grant the petition and remand for further proceedings.

I

PACA regulates "the shipment of perishable agricultural commodities in interstate and foreign commerce through a system of licensing and administrative supervision of the conduct of licensees." *Quinn v. Butz*, 510 F.2d 743, 746 (D.C.Cir. 1975). Every "commission merchant" of such commodities must be licensed by the Secretary of Agriculture. *See* 7 U.S.C. § 499c.[1] PACA licensees are forbidden to engage in specified unfair practices, including the failure to "make full payment promptly in respect of any transaction" in a perishable agricultural commodity. 7 U.S.C. § 499b(4). "Full, prompt payment" means payment within ten days after the date the produce is accepted, unless otherwise agreed to in writing before the time of sale. 7 C.F.R. § 46.2(aa)(5), (11). If the Secretary determines that a licensee has violated the prompt payment requirement, the Secretary may suspend the offender's PACA license, and, if the violation was flagrant or repeated, may revoke it. 7 U.S.C. § 499h(a).

Although the Secretary is statutorily authorized to revoke a license for flagrant violations, Department of Agriculture policy during the relevant time period permitted a licensee to avoid revocation by making full payment prior to the date set for a hearing on the violations. Such payment would convert a "no-pay" case into a "slow-pay" case, and would result in license suspension rather than revocation. *See In re Kirby Produce Co.*, 58 Agric. Dec. 1011 (1999) (citing *In re Gilardi Truck & Transp.*, 43 Agric. Dec. 118 (1984)).[2]

---

1. A "commission merchant" is "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(5).

2. The Department has since changed its standard for no-pay cases. For all complaints filed after January 25, 1999, a case is deemed no-pay if the alleged debts remain unpaid by the earlier of: (a) the hearing date, or (b) 120 days after the filing of the complaint. *See In*

In March 1996, various creditors, including PACA creditors, filed suit against Kirby in the United States District Court for the Eastern District of Tennessee, seeking payment for produce debts worth $2.3 million. In June 1996, the district court issued an order, consented to by all parties, that established a payment arrangement and claims procedure. The order did not require payment by a date certain. *See Brown's Produce v. Kirby Produce Co.*, No. 3:96–cv–526 (E.D. Tenn. June 25, 1996).

On October 20, 1997, the Agriculture Department's Agricultural Marketing Service (the "Service") filed an administrative complaint, charging Kirby with violating PACA by failing promptly to make full payment for approximately $1.6 million in fruits and vegetables from August 1995 through July 1996. The complaint sought revocation of Kirby's license for willful, flagrant, and repeated violations. Kirby's amended answer denied the complaint's material allegations, and the Service requested a hearing. The Administrative Law Judge (ALJ) scheduled one for January 13, 1999.

On November 10, 1998, Kirby's attorney filed a motion with the ALJ, seeking an adjournment of the hearing until Kirby paid its judgment creditors pursuant to the June 1996 order in the *Brown* case. The motion advised the ALJ of the *Brown* order and attached a copy. It also noted that "the payment of all produce debt prior to the hearing substantially reduces the potential sanction which may be imposed upon the Respondent," and concluded that "[f]ailure to grant this motion for adjournment will frustrate the order ... and prejudice Respondent's position at the time of the hearing." App. at 20.

Shortly thereafter, the Agricultural Marketing Service filed a motion with the ALJ, seeking a decision on its complaint without a hearing. The Service contended that Kirby's consent to the *Brown* order constituted an admission of all material facts in the complaint. It argued that this admission, coupled with Kirby's apparent inability to pay prior to the hearing date, justified a decision without a hearing. Kirby objected on the grounds that the *Brown* order was an admission of nonpayment only as of June 1996, and that it still had the right to demonstrate full payment before the January 1999 hearing date.

On December 31, 1998, the ALJ canceled the hearing and revoked Kirby's license, concluding that Kirby's motion and attachments had admitted "all the material allegations of fact contained in the complaint." On May 28, 1999, Kirby appealed to the Agriculture Department's Judicial Officer, to whom the Secretary has delegated authority for final decisionmaking in adjudicatory proceedings. *See* 7 C.F.R. § 2.35. Kirby contended, inter alia, that it had in fact made full payment by January 13, 1999, the date for which the hearing had been scheduled. Notwithstanding that it had violated PACA by failing to pay promptly, Kirby argued that its full payment by the date of the hearing converted the case into a slow-pay case for which revocation was unwarranted.

The Judicial Officer issued his decision on July 12, 1999. He began by "agree[ing] with Respondent's contention that if Respondent paid all of its produce sellers by the date of the hearing, this case would be a 'slow-pay' case," and Kirby would suffer suspension rather than revocation. *In re Kirby Produce Co.*, 58 Agric. Dec. at 1011. However, instead of adjudicating whether Kirby had in fact paid by January 13, 1999, the Officer determined that Kirby's con-

sent to the *Brown* order constituted an admission that it had failed to pay promptly, and that Kirby's motion for a continuance of the hearing constituted an admission that the company would not be able to pay by the hearing date. The Judicial Officer concluded that these admissions eliminated any issue of material fact and justified revocation of Kirby's license without a hearing. Thereafter, Kirby sought reconsideration, which the Judicial Officer denied. Kirby now petitions for review of the order revoking its license. *See* 28 U.S.C. § 2342(2).

## II

■ We review final decisions in PACA cases under the deferential standard of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (E). Under that standard, we must "uphold the Judicial Officer's decision unless we find it to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *JSG Trading Corp. v. USDA,* 176 F.3d 536, 541 (D.C.Cir.1999).

■ Kirby concedes that it failed promptly to pay creditors for its PACA debts. But the company contends that it was able to pay in full—and in fact did pay in full—by the January 13, 1999 scheduled hearing date, and it denies that its November 10, 1998 motion was an admission to the contrary. Accordingly, Kirby argues that there was an issue of material fact as to its qualification for slow-pay status, and that the Department's decision to revoke its license without a hearing was arbitrary and capricious.

PACA states that upon issuing a PACA complaint, the Secretary shall "afford [the respondent] an opportunity for a hearing thereon before a duly authorized examiner of the Secretary." 7 U.S.C. § 499f(c)(2). Although a hearing is not required if there is no genuine factual dispute, *see Veg–Mix,*

*Inc. v. USDA,* 832 F.2d 601, 607–08 (D.C.Cir.1987), the Agriculture Department's regulations require a hearing "[i]f any material issue of fact is joined by the pleadings." 7 C.F.R. § 1.141(b). In its briefs and at oral argument, the Department conceded that if there had been an issue of material fact regarding Kirby's ability to pay by the scheduled hearing date, revocation without a hearing would have been improper.

The Judicial Officer based his conclusion that there was no material dispute on two grounds. The first was that Kirby's consent to the *Brown* order constituted an admission that the company had not promptly paid its PACA creditors. That point is correct and undisputed, but it is also plainly insufficient to eliminate dispute as to whether Kirby could have made full payment by January 13, 1999.

The Officer's second ground was that Kirby's November 10, 1998 motion for an indefinite adjournment constituted an admission that the company would not be able to pay by January 13 of the following year. The Judicial Officer did not explain why it regarded Kirby's motion as an admission. Indeed, the Judicial Officer reached that conclusion without adjudicating Kirby's claim that it had in fact made full payment by January 13, and despite acknowledging that if Kirby actually had paid by that date, revocation could have been avoided. *See In re Kirby Produce Co.,* 58 Agric. Dec. at 1011.

Kirby's motion for adjournment stated: "[T]he payment of all produce debt prior to the hearing substantially reduces the potential sanction. . . . Failure to grant this motion for adjournment *will . . . prejudice* Respondent's position at the time of the hearing." App. at 20 (emphasis added). At oral argument, the Agriculture Department asserted that the term "preju-

dice" referred to Kirby's classification as a no-pay violator and that, by using the verb "will" rather than "could," Kirby implicitly admitted that its PACA debts could not possibly be paid by the time of the hearing. But under Agriculture Department precedent, an implicit or equivocal admission is insufficient to remove a fact from material dispute. *See In re H. Schnell & Co.*, 57 Agric. Dec. 1722 (1998) (holding that before a hearing may be dispensed with, oral statements of a respondent's attorney "must *clearly* constitute an admission of the material allegations of the complaint") (emphasis added). That rule is especially apt in this circumstance. Litigants that move to extend deadlines often lament the harm likely to result if their motions are denied. To construe such a statement as admitting default, however, confuses prediction of risk with confession of impossibility. Kirby clearly intended to emphasize the risk that its payments could not be made before January 13, but it was not reasonable to infer that Kirby intended to admit that nonpayment was certain.

The Judicial Officer's unadorned statement, that Kirby's request for a continuance of the hearing "constitutes an admission" that Kirby would not be able to make full payment by the date of the hearing, did not represent analysis; it merely expressed a conclusion. Such a conclusion was particularly unreasonable in light of Kirby's protestations that it had intended no such admission. And it was doubly so in light of the Judicial Officer's refusal to determine whether Kirby had in fact paid by January 13,' after the Officer acknowledged that if Kirby had actually met that deadline, revocation could have been avoided. *See In re Kirby Produce Co.*, 58 Agric. Dec. at 1011. Indeed, in his decision denying reconsideration, the Judicial Officer only added to the arbitrariness of

his reasoning. There, in the face of Kirby's representation that full payment had been made prior to January 13, 1999, and again without determining whether that representation was correct, the Judicial Officer ruled that Kirby's "admission" that it "would not be able to" pay removed any issue of material fact as to whether it actually did pay by that date. *In re Kirby Produce Co.*, 58 Agric. Dec. 1032 (1999).

At oral argument, the Department offered to provide this court with an inspector's affidavit attesting that, as of October 31, 2000, Kirby still had not paid $1.1 million of its PACA debt. After argument, Kirby submitted a declaration by its chief executive officer, made under penalty of perjury, that the company had in fact paid in full prior to January 13, 1999. Although both statements obviously cannot be true, it is just as clear that this court is not the proper authority to make the necessary factual determination. That is a task for the agency upon remand. *See Veg–Mix, Inc.*, 832 F.2d at 609.

### III

In revoking Kirby's license without a hearing, the Judicial Officer relied upon his conclusion that the company had admitted that it could not make payment by the date that had been scheduled for that hearing. That conclusion was arbitrary and capricious. We therefore grant Kirby's petition for review and remand the case for further proceedings consistent with this opinion.